CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

3/18/2022
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:19-cr-00013 |
| v. | MEMORANDUM OPINION & ORDER |
| QUENTIN LOWELL HORSLEY, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Quentin Lowell Horsley has filed a motion to suppress arguing that the Government unreasonably delayed getting a search warrant of cellular phones following their seizure, in violation of the Fourth Amendment. *See* Dkts. 188,189. The parties have filed further memoranda on the motion, and the Court heard argument and evidence on the issue on March 3, 2022. *See* Dkts. 202, 218, 225. Counsel ably briefed and argued the motion. The Court determines that under the facts of this case the delay was not unreasonable, and in any event, exclusion was not an appropriate remedy.

The Fourth Circuit, in addressing the "constitutional question … whether an extended seizure of [a defendant's] phone was reasonable," explained that "[a] seizure that is 'lawful at its inception can nevertheless violate the Fourth Amendment because its manner of execution unreasonably infringes possessory interests.'" *United States v. Pratt*, 915 F.3d 266, 271 (4th Cir. 2019) (quoting *United States v. Jacobsen*, 466 U.S. 109, 124 (1984)). Accordingly, "[t]o determine if an extended seizure violates the Fourth Amendment, [the court] balance[s] the government's interest in the seizure against the individual's possessory interest in the object

1

seized." *Id.* The parties agree that *Pratt* and these principles govern this issue. *See* Dkts. 189, Dkt. 218 at 1, Dkt. 225 at 2.

On February 11, 2019, Defendant Horsley was arrested at a hotel in Maryland. Dkt. 222 at 7:18–21 (Mar. 9, 2022, Hr'g Tr.) ("Tr.").[1] Four cell phones were taken into custody as part of his arrest. Tr. 8:4–9. The cell phones were transferred to the Roanoke Office of the DEA within a few days, addressed to Officer Bailey. *Id.* 10:13–17.

On September 3, 2019, Officer Bailey sought and secured from a magistrate judge a search warrant for the cell phones. *See* Dkt. 202-1 (sealed). Officer Bailey testified that "some of those phones were associated with Mr. Horsley," and that, "[a]fter the download was done we were then able to … prove that" Horsley used and possessed them during the underlying charged conduct. Tr. 11:10–23.

The Court considers consequential the fact that Horsley had a significantly reduced possessory interest in the phones. No evidence reflects that Horsley admitted the phones were his at any point between their seizure and when the search warrant was sought. Nor did Horsley ask for the phones to be returned to him, ever. There is no dispute about that. *See* Dkt. 202-1 ¶ 16; Dkt. 218 at 8; Dkt. 225 at 4; Tr. 21:15–23:13, 25:20–24.

By not admitting or refusing to admit that the phones were his, and later failing to ask for the property to be returned, Horsley's conduct was inconsistent with (or at least, undermined) a showing that he retained possessory interests in the phones. *See United States v. Johns*, 469 U.S. 478, 487 (1985) ("Respondents do not challenge the legitimacy of the seizure of the trucks or the packages, and they never sought return of the property. Thus, respondents have not even alleged, much less proved, that the delay in the search of the packages adversely affected legitimate

---

[1] Testimony of DEA Task Force Officer Daniel Bailey. Tr. 6.

interests protected by the Fourth Amendment."); *United States v. Skinner*, No. 3:19-cr-19, 2021 WL 1725543, at *25 (E.D. Va. Apr. 29, 2021) (considering the fact that neither the defendant nor anyone else requested the return of the phones, to support a showing of diminished possessory interest in them).

Moreover, on February 11, 2019, Horsley was arrested and taken into custody at the time the phones were seized. There is no dispute that Horsley has not been entitled to any possession of the phones since he has been in custody. *See* Tr. 24:5–11; Dkt. 218 at 7–8; Dkt. 225 at 3–4. That fact further significantly diminishes any possessory interest Horsley may have had in the phones. *See United States v. Sullivan*, 797 F.3d 623, 633–34 (9th Cir. 2015) ("Where individuals are incarcerated and cannot make use of seized property, their possessory interest in that property is reduced."); *United States v. Brady*, --- F. Supp. 3d ---, 2021 WL 6072620, at *6 (E.D. Va. Dec. 23, 2021) (holding that "[a] [d]efendant's possessory interest in certain evidence, particularly electronic devices, is diminished when he is in custody," and that, after defendant's arrest, "he did not have a colorable possessory interest in the computer"); *Skinner*, 2021 WL 1725543, at *25 (similar).

In *Pratt*, the Fourth Circuit confronted a case in which the FBI agents had walked up to and confronted the defendant in a parking lot: the defendant "was holding an iPhone," and he told the agent that "the phone was his." 915 F.3d at 270. At that time, the agent seized the phone, telling the defendant he would get a search warrant. The defendant "refused to consent to the seizure or disclose the phone's passcode," and 31 days passed before the search warrant was sought and issued—and during that time the defendant was not in custody. *See id.* The Court held the delay unreasonable and unjustified, noting that the defendant had not "diminish[ed] his

possessory interest in the phone," as by "consent[ing] to the search or voluntarily shar[ing] the phone's contents." *Id.* at 272.[2]

*Pratt* and the other cases cited by Defense counsel concern seizures of property from a defendant in plain view and the defendant was not incarcerated while law enforcement had kept their property. *See, e.g.*, *United States v. Burgard*, 675 F.3d 1029, 1031 (7th Cir. 2012) (seizure of phone, defendant "voluntarily went to the police station where [the agent] entered the phone into evidence and gave [defendant] a property receipt," but the agent "did not immediately apply for a search warrant," waiting six days to do so); *United States v. Mitchell*, 565 F.3d 1347, 1351 (11th Cir. 2009) (following seizure of computer during a "knock and talk" interview where defendant was questioned but not detained, court held that three-week delay was unreasonable and significantly interfered with defendant's possessory interest in it); *United States v. Smith*, 967 F.3d 198, 203 (2d Cir. 2020) (defendant arrested for a day, then let out of custody; law enforcement held defendant's electronic tablet for over a month while defendant wasn't in custody); *see also United States v. Stabile*, 633 F.3d 219, 225–26 (3d Cir. 2011) (holding that three-month delay was *reasonable*, when among other things, cohabitant consented to search of computer and defendant not incarcerated).

But here, this is not a case in which an individual has affirmatively told law enforcement that a phone is his, but it is seized and retained by law enforcement and the individual deprived of rightful access to his phone for an extended period (and any attempt(s) to ask for it back are rebuffed). Horsley never said the phones were his (at least during the seven months after they were seized). He never asked for them back. And, in any event, he was in custody and could not

---

[2] That these factors were discussed did not indicate they constituted an exhaustive list of factors that could diminish a person's possessory interest in phones or electronics. *See Pratt*, 915 F.3d at 271–72.

possess any electronic devices as a result. Of course, Horsley was not required to tell the agents the phones were his when he was arrested and during the seizure. He may well have wanted to maintain deniability or not risk incriminating himself by asserting any possessory interest in the seized phones to law enforcement. But, while it was his right to stay silent, Horsley cannot now have it both ways and claim after the fact that he had long been deprived of possessory rights in phones in which he never asserted any interest.

Counsel for the Defendant argues that notwithstanding any diminishment in Horsley's possessory interests, the Government has "offered no valid justification for its 210-day delay," *i.e.*, that it took "just shy of seven months," after the phones' seizure for law enforcement to seek a search warrant. Dkt. 218 at 1, 6. Thus, counsel argues that the delay was unreasonable under *Pratt* and the evidence from Horsley's phones ought to be suppressed. *Id.*

In *Pratt*, the Fourth Circuit explained that "[a] strong government interest can justify an extended seizure," however "if the individual's interest outweighs the government's, an extended seizure may be unreasonable." 915 F.3d at 271. And in *Pratt*, where the defendant "didn't diminish his possessory interest in the phone," and the Government's "only explanation for the 31-day delay in obtaining a warrant was that Pratt committed crimes in both North Carolina and South Carolina and agents had to decide where to seek a warrant," the Fourth Circuit found that "this explanation was insufficient to justify the extended seizure of Pratt's phone." *Id.* at 271. Accordingly, the court held that "the delay in obtaining a search warrant was unreasonable" and in violation of the Fourth Amendment. *Id.* at 272–73.

The Government contends that its interest in continuing its investigation supported the delay in securing the warrant. *See* Dkt. 202 at 7–8; Tr. 40:5–41:7. The Government's primary argument is this regard is that, "[w]hereas the investigation had primarily concerned cocaine

5

trafficking, in July and August, the nature of the case changed to include different types of narcotics and a new supplier." Dkt. 202 at 7. Similarly, Detective Bailey attested in support of the search warrant that, "as the investigation had continued, in July and August 2019, new information has come to light making the search of the Devices important at this time." Dkt. 202-1 at ¶ 16 n.1. Some evidence supports this. Detective Bailey testified that the investigation into Horsley continued after he was charged, and that interviews in July 2019 uncovered evidence that Horsley was involved in distribution of other narcotics, to now include heroin, and that Horsley "had the actual source of supply or the connection to the source of supply for the narcotics." Tr. 27:1–21. However, while this evidence supports some delay, it does not explain the delay between February and July 2019. While the Government's argument supporting the delay is decidedly lackluster, Horsley's possessory interests are lacking to an even greater degree. Weighing the interests, the Court cannot find as to Horsley that "the individual's interest outweighs the government's," such that "an extended seizure may be unreasonable." *Pratt*, 915 F.3d at 271.

In any event, "[t]he fact that a Fourth Amendment violation occurred—i.e., that a search or arrest was unreasonable—does not necessarily mean that the exclusionary rule applies." *Herring v. United States*, 555 U.S. 135, 140 (2009). Following *Herring*, and in a "subsequent case again limiting the exclusionary rule, the [Supreme] Court explained that '[e]xclusion exacts a heavy toll on both the judicial system and society at large' because it 'almost always requires courts to ignore reliable, trustworthy evidence bearing on guilt or innocence.'" *United States v. Santos-Portillo*, 997 F.3d 159, 165 (4th Cir. 2021) (quoting *Davis v. United States*, 564 U.S. 229, 237 (2011)). In other words, "[w]hen the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights, the deterrent value of exclusion is strong and tends to

6

outweigh the resulting costs," such violations warrant exclusion; but in cases in which "police acted with an objectively reasonable good-faith belief that their conduct was lawful," or "when their conduct involves only simple, isolated negligence," exclusion would not be warranted. *Davis*, 564 U.S. at 238–39 (internal quotation marks and citations omitted).

Defendant does not argue that the good-faith exception *does not* or *cannot* apply in this posture, but rather contends that the facts here fail to show officers acted in good faith. Dkt. 218 at 12–13. To be sure, law enforcement must be on notice of binding appellate precedent such as that put forward in *Pratt*. Delays in securing a search warrant for an already-seized electronic device can, and have, been held to be unreasonable under the Fourth Amendment. However, unlike *Pratt*, in this case Horsley did not claim any possessory interest in the phone and was not entitled to possess the phone in any event while incarcerated. Those key differences demonstrate that law enforcement's months-long delay in securing the search warrant for the phones, even if unreasonable, did not constitute "deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights," as would warrant exclusion, but rather a good-faith belief that they were acting lawfully or "simple, isolated negligence." *See Davis*, 564 U.S. at 238–39.

For these reasons, Defendant's motion to suppress is **DENIED**. Dkt. 188.

It is so **ORDERED**.

The Clerk of Court is directed to send a copy of this Memorandum Opinion & Order to all counsel of record.

Entered this  18th  day of March, 2022.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE