UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 6:19-cr-00013 |
| | ) | |
| QUENTIN LOWELL HORSLEY | ) | |

**DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE**

Comes Now the Defendant, Quentin Lowell Horsley, by counsel, and moves pursuant to Rule 29 of the Federal Rules of Criminal Procedure for judgement of acquittal. In support thereof, Mr. Horsley states as follows.

**I.  The Government's Evidence Cannot Support that Mr. Horsley Engaged in the Conspiracy Alleged in Count I of the Indictment**

Count I alleges that Mr. Horsley has engaged in a conspiracy to distribute cocaine, methamphetamine, and heroin. The government has not presented any credible evidence to support the allegations that Mr. Horsley was involved in any way in the distribution of methamphetamine or heroin. The only evidence that the government presented to support its Count I is evidence of a buyer/seller-relationship regarding sales of cocaine. Courts around the country have determined that evidence of a mere buyer-seller relationship is insufficient to establish the existence of a conspiracy between the buyer and seller of a controlled substance. Although the government submitted evidence of controlled buys between the defendant and government informants to support its distribution counts against the defendant, these distributions to agents of the government, in and of themselves, cannot support the conspiracy underlying Count I against the defendant.

1

Importantly, the only evidence against the defendant regarding any distribution of methamphetamines or heroin came from the testimony of individuals that was discredited pursuant to the instructions of the Court. Despite the government's allegations of controlled buys which it attributes to the defendant between August 2017 and January 2019, there is not a single allegation of any controlled buy against the defendant for any substance other than powder cocaine.

Further, the only evidence within the record of this case supports, at most, that a buyer-seller relationship existed between the defendant and Kenneth Adgerson regarding cocaine. First and foremost, that does not establish a conspiracy of any kind between Mr. Adgerson and the defendant. Second, that provides no evidence whatsoever that Mr. Adgerson's decision to distribute methamphetamines and heroin should be attributed to Mr. Horsley in any way. Other than the naked testimony of Kenneth Adgerson, who confirmed that he met with grand jury witness Roberta Haskins during his incarceration – there is nothing whatsoever that ties Mr. Horsely to the methamphetamines and heroin that Mr. Adgerson admits that he transported to Ms. Haskins house. Accordingly, the government's evidence cannot support the jury's verdict as to Count I of the indictment against Mr. Horsley.

**II.     The Jury Submitted its Final Verdict as to Count I of the Indictment as to Heroin and Crack Cocaine, and the Jury's Failure to Determine Guilt for these Substances was not a Clerical Error**

The verdict form in this case clearly indicated that should the jury find the defendant guilty of a conspiracy involving the sale of a given controlled substance, that it should check a box indicating whether it found Mr. Horsley guilty of a conspiracy involving the distribution of four different substances. For three of those substances, the verdict form also included a section asking the jury to indicate whether it found that Mr. Horsley had distributed a given amount of each controlled substance. In this case, the jury submitted a verdict form indicating that it found that

Mr. Horsley had distributed certain amounts of powder cocaine and heroin, as directed by the Court in its jury instructions. In the verdict that the jury submitted to the Court, it wholly failed to indicate a quantity for the amount of heroin that Mr. Horsley purportedly distributed, pursuant to the Court's instructions. Further, the jury wholly failed to demonstrate its unanimous decision that Mr. Horsley had distributed crack cocaine, and failed to check the box indicating the same.

In response to this verdict form, and upon the objection of Mr. Horsley's counsel, the Court provided the jury with the opportunity to deliberate about these issues as "clerical errors." Notably, the government conceded that the jury's verdict regarding crack cocaine was likely its final verdict. Defendant, by counsel, contends that the jury's verdict as to heroin and crack cocaine should both be final, and notes that the jury deliberated this issue far longer than would be expected were this to be a truly clerical error in their deliberation.

Accordingly, Mr. Horsley, by counsel, respectfully requests that the court enter a judgment of acquittal as to Count I of the indictment, and to enter any other relief that it deems necessary.

    Respectfully submitted,

    QUENTIN LOWELL HORSLEY

    By: /s/Anthony F. Anderson

Anthony F. Anderson (VSB# 21345)
Brooks A. Duncan (VSB# 87476)
ANDERSON LEGAL
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525 - Office
(540)982-1539 - Fax
afa@afalaw.com
    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that this 11th day of April, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.

      /s/ Anthony F. Anderson
ANDERSON LEGAL
1102 Second Street, S. W.
P. O. Box 1525
Roanoke, Virginia   24007
(540) 982-1525 - Office
(540) 982-1539 - Fax
afa@afalaw.com

4