CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
5/5/2023
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
     DEPUTY CLERK

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:19-cr-00013 |
| v. | MEMORANDUM OPINION & ORDER |
| QUENTIN LOWELL HORSLEY, | |
| *Defendant.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the petitions of Petitioners Natasha Horsley and Brandi Callen's motions for hearing on the Court's preliminary order of forfeiture that issued following entry of judgment against Defendant Quentin Horsley (Dkts. 307–08), and on the Government's motions to dismiss the petitions (Dkt. 314, 316).

Defendant was arrested on February 11, 2019, on state cocaine distribution charges. Dkt. 297 at 2. In May 2019, a federal grand jury returned an indictment against Defendant, charging him with one count of conspiracy to distribute and possess with intent to distribute methamphetamine and cocaine, and four counts of distributing cocaine. Dkt. 1. Included on the forfeiture allegation in the indictment was the following property: (1) a 2011 Jaguar XF (19-DEA-650047); (2) assorted jewelry (19-DEA-649445); (3) $20,000 in U.S. currency seized from the trunk of the 2011 Jaguar XF (19-DEA-649195); and (4) $3,522 in U.S. currency seized from a hotel room rented by Defendant. Dkt. 1 at 5–6 (¶ 21); Dkt. 317 at 1. On September 11, 2019, the grand jury returned a superseding indictment that amended the conspiracy charge against Defendant to include heroin and cocaine base. Dkt. 48. The items listed for forfeiture remained the same. *Id.* at 6–7 (¶ 24).

Defendant was tried by a jury in March 2022. The jury convicted Defendant on all five counts. Dkt. 244. Defendant filed a motion for acquittal, which the Court denied. Dkts. 260, 281. In November 2022, the Court entered the preliminary order of forfeiture, in which the Court ordered Defendant to forfeit the four items identified above. Dkt. 298. In December 2022, the Government sent a notice of forfeiture to claimants Natasha Horsley and Brandi Callen. Dkt. 315 at 2; Dkt. 317 at 2. In January 2023, Ms. Callen and Ms. Horsley filed the petitions concerning the above property. Dkts. 306–07. In February 2023, the Government filed motions to dismiss both petitions on grounds of lack of standing. Dkts. 314–17. Notwithstanding their pendency for several months, neither Ms. Callen nor Ms. Horsley filed any responses to the motions. They are ripe for disposition.

Rule 32.2 of the Federal Rules of Criminal Procedure sets forth the procedure governing forfeiture. *United States v. Oregon*, 671 F.3d 484, 487 (4th Cir. 2021). If property is seized under a preliminary forfeiture order, any third party claiming an interest in the property may file a petition in district court contesting the forfeiture. *Id.* at 488. To assert a valid interest in property, the third party must file a petition within thirty days of receipt of the notice of forfeiture. 21 U.S.C. § 853(n)(2). The petition shall also be signed under penalty of perjury, and "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* § 853(n)(3).

If "a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding." Fed. R. Crim. P. 32.2(c)(1). The Court "must first consider any motion filed by the United States to dismiss the petition for lack of standing before moving to the merits of the petition." *Oregon*, 671 F.3d at 488. The Court may "dismiss the

petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). In considering the Government's motion to dismiss a third-party petition under Fed. R. Crim. P. 32.2, courts treat the petition like a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. *E.g.*, *United States v. Bank*, No. 2:17-cr-126, 2022 WL 17477064, at *1 (E.D. Va. Dec. 6, 2022). In other words, the petitioner must include sufficient factual matter that, accepted as true, states a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Ms. Horsley only purports to claim an interest in the 2011 Jaguar XF. Dkt. 307. She states that she paid personal property taxes to the City of Lynchburg for this vehicle, and that "the purchase of this vehicle was not one of the drug proceeds," and that she is the registered owner of the vehicle. *Id.* She attached a document purported to show payment of the personal property taxes for the vehicle. *Id.* at 2. However, it is a statutory requirement that "[t]he petition shall be signed by the petitioner under penalty of perjury." 21 U.S.C. § 853(n)(3). Courts in the Fourth Circuit have "strictly construe[d]" this requirement "as an important stopgap to minimize the danger of false claims." *United States v. Drayton*, No. 3:21-cr-138, 2022 WL 1019235, at *1 (W.D.N.C. Apr. 5, 2022) (citing cases); *United States v. Wagner*, No. 4:15-cr-28, 2017 WL 6513420, at *5 (E.D. Va. Dec. 19, 2017) (dismissing petition as "facially deficient" and that "must be dismissed for failure to state a claim" when the petition was not signed under penalty of perjury). Ms. Horsley's petition must be dismissed as facially deficient for failure to set forth the necessary components of her petition under penalty of perjury as required by § 853(n)(3).

Ms. Callen's petition, by contrast was submitted under penalty of perjury. Dkt. 308 at 4. However, she does not assert that *she* personally has any interest in any of the property subject to

the forfeiture besides the $3,522 in U.S. currency. Rather, Ms. Callen asserts that *Ms. Horsley* was the owner of the Jaguar. *Id.* In other words, Ms. Callen does not allege any facts stating that she has any right, title or interest that she has in the property. *See* 28 U.S.C. § 853(n)(3) (stating the petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property," and "any additional facts supporting the petitioner's claim"). Nor does Ms. Callen assert that she has any personal claim of any right, title, or interest in the jewelry. Rather, she merely states that each item of jewelry was "purchased years before the alleged start of this conspiracy." Dkt. 308 at 4. Nor does she describe any facts relating to the the $20,000 at all, or claim any interest in the same, besides to mention it (*id.* at 1), and to say she is claiming "all property seized from the hotel room as well as the Jaguar," *id.* at 4. But conclusory allegations of interest or ownership are insufficient to satisfy the statutory requirements of § 853(n)(3), and do not suffice to state a plausible claim to relief. *See United States v. Hailey*, 924 F. Supp. 2d 648, 658 (D. Md. 2013) ("Conclusionary allegations and purchase with funds from employment [are] insufficient under § 853(n)(3)."). Accordingly, for the Jaguar, jewelry, and $20,000 Ms. Callen has not satisfied the statutory requirements under § 853(n)(3) as necessary to establish that she has statutory standing to support her petition and state a plausible claim to relief under Rule 32.2 and § 853(n). Dismissal of her petition as to those forfeited items is appropriate. *See United States v. Phillips*, No. 2:12-cr-37. 2013 WL 428557, at *3 (E.D. Va. Feb. 1, 2013) ("[W]here a petitioner fails to allege all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without a hearing.").

The Government does, however, acknowledge that Ms. Callen has asserted a personal interest in the $3,522 in currency seized from her purse. Dkt. 308 at 3; Dkt. 315 at 5. She attests

4

that these were funds originating from checks drawn her father's estate, which she cashed at a credit union and kept in cash or otherwise deposited the funds into her bank accounts. Dkt. 308 at 3. And though the Government acknowledges Ms. Callen's stated interest in the $3,522, Dkt. 315 at 5, 6, the Government offered no argument challenging her stated interest in the $3,522 and does not move to dismiss her claim in that respect. *Id.* at 4–6.

For these reasons, the Court will **GRANT** the Government's motion to dismiss Ms. Horsley's petition in full. Dkt. 316. The Court will also **GRANT** the Government's motion to dismiss Ms. Callen's petition insofar as it concerns all claims of interest in any property besides the $3,522, which claim shall survive. Dkt. 314.

**Within fourteen (14) days**, the Government **shall file** a proposed final forfeiture order which reflects the Court's ruling as to the forfeited property set forth above and also returning the $3,522 to Ms. Callen, or a filing setting forth any further challenge to Ms. Callen's asserted interest in the property, in anticipation of a hearing on the same.

The Court will **DENY** petitioners' motions for hearing on the preliminary forfeiture order, *without prejudice.* Dkts. 307–08.

It is so **ORDERED**.

The Clerk is directed to send this Order to all counsel of record.

Entered this __5th__ day of May, 2023.

                                                          NORMAN K. MOON
                                                          SENIOR UNITED STATES DISTRICT JUDGE