**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | **Case No. 6:19-CR-13** |
| **V.** | : | |
| | : | |
| **QUENTIN LOWELL HORSLEY** | : | |

**UNITED STATES' MOTION TO COMPEL AND EXTEND DEADLINE TO RESPOND**

Quentin Lowell Horsley ("Horsley") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 ("Motion"). ECF No. 373. In his Motion, Horsley asserts multiple grounds that directly implicate communications he had with his attorney, Anthony Anderson. As outlined below, by making a habeas petition, defendants waive attorney-client privilege with respect to the issues they have raised. Undersigned counsel for the United States has been in contact with Anthony Anderson. After discussion of the legal issues, it appears Mr. Anderson is willing to furnish a declaration addressing the issues raised by Horsley provided there is a Court Order directing him to do so.

Accordingly, the United States requests this Court issue an order requiring Mr. Anderson to submit a declaration addressing the issues raised in Horsley's Motion, ECF No. 373, within 14 days of the Court's Order. Mr. Anderson indicates this would allow for sufficient time to address these contentions. Additionally, the United States requests 14 days following the submission of the declaration to complete a response to the Motion with this new factual information. In support of this request, the United States asserts as follows:

**Nature of Horsley's Motion**

Horsley makes several claims in his Motion that implicate the attorney-client privilege. Specifically, Horsley alleges, "Mr. Tony Anderson admitted my guilt at trial without my consent and without any knowledge that he was gonna do it." ECF No. 373 at 5. Horsley also alleges "[my] lawyer was ineffective when he signed a stipulation agreement without my consent or knowledge . . . I wanted the experts to testify." ECF No. 373 at 7. The nature of these allegations implicate what Horsley's counsel did or did not tell him and what Horsley did or not tell them. Thus, they would ordinarily be covered by the attorney-client privilege.

**Legal Authority and Request**

"[A] petitioner who claims ineffective assistance of counsel in a habeas petition waives the protection of attorney-client privilege over information that is relevant to those claims." *LaBorde v. Virginia,* No. 1:10cv493, 2011 WL 2358510, at *2 (E.D.Va. June 9, 2011); *see United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) ("Given the ample, unanimous federal authority on point, we hold that when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communications with his attorney necessary to prove or disprove his claim."); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *see also Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("[I]nquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions."). In such cases, "[t]he party asserting the claim is said to have implicitly waived the privilege." *Bittaker*, 331 F.3d at 719. The scope of the waiver is limited to the adjudication of defendant's ineffective assistance claim. *Bittaker*, 331 F.3d at 722.

When a defendant raises such a claim and waives his privilege, his former lawyer is free to furnish to the government for submission to the court a detailed affidavit outlining the scope of the lawyer's investigation, the information the lawyer developed, and the rationale behind the lawyer's tactical decisions. *See Harrelson v. United States*, 967 F. Supp. 909, 914-15 (W.D. Tex. 1997) (footnote omitted); *see also Kinsbury v. United States,* 783 Fed App'x. 680, 683 (9th Cir. 2019) (noting that a court may consider attorney declarations when denying relief without an evidentiary hearing). The lawyer may also "testify fully" at an evidentiary hearing regarding otherwise privileged communications, as well as "matters not covered by the attorney-client privilege, including the nature and extent of his attorney's work product and tactical decision-making in the course of representing [the] movant at trial and on appeal." *Harrelson,* 967 F. Supp. at 915.

By raising multiple claims of ineffective assistance of counsel, Horsley has waived the attorney-client privilege as to each of those claims. Accordingly, former counsel may now furnish the government with the information necessary to respond to those claims. That information should be provided in a sworn affidavit or declaration.

Undersigned counsel for the United States has consulted with Mr. Anderson on his availability to address the contentions in Horsley's Motion. Mr. Anderson has indicated that 14 days would provide sufficient time to review his notes and materials and submit a declaration.

Because this declaration will result in new factual information not currently known to the Government, the United States respectfully requests an additional 14 days from Mr. Anderson's furnishing of the declaration to file its response to Horsley's Motion. This will allow for an efficient handling of the issues with all of the necessary facts before the Court.

Wherefore, the United States respectfully requests the Court to compel Anthony Anderson to submit a declaration addressing the contentions in Quentin Horsley's Motion, ECF No. 373, and

for an extension for the Government to respond to Horsley's Motion of 14 days from the furnishing of the declaration.

Respectfully submitted,

*s/Sean M. Welsh*

Sean M. Welsh
Assistant United States Attorney
Virginia Bar No. 89660
United States Attorney's Office
U. S. Courthouse and Federal Building
255 West Main Street, Room 130
Charlottesville, Virginia 22902
Telephone: 434-293-4283
Fax: 434-293-4910

**CERTIFICATE OF SERVICE**

I certify on this date, June 11, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and caused to be sent a copy via first class mail to:

Quentin L. Horsley
Reg No. 22608-084
FCI Gilmer
P.O. Box 6000
Glenville, West Virginia 26351

/s/ Sean M. Welsh