# AGREEMENT CONCERNING USE OF STATEMENTS

A. I have indicated that I wish to provide certain information to law enforcement personnel concerning my knowledge of criminal activity. I will answer all questions completely and truthfully, and will provide all information, documents, and records (hereinafter collectively referred to as "information") within my custody or control or to which I have access that are related to the subject matter of the interview.

B. This agreement applies to statements I make and information I provide at an interview conducted on Wednesday, July 31, 2019, at the U.S. Attorney's Office in Charlottesville, Virginia.

C. Except as provided in this agreement, in any prosecution brought by the United States against me, no statements or other information provided by me during this interview session will be admissible against me in the government's case-in-chief or used against me by the United States at sentencing pursuant to U.S.S.G. § 1B1.8(a) to determine the applicable guideline range.

1. I understand that if I (a) give a false statement (during the interview and/or thereafter), (b) commit perjury, or (c) present evidence including, but not limited to, evidence presented through other witnesses at any criminal or civil proceeding) that is inconsistent with a statement I make during this interview session, the United States may use any statements I make and any information I provide for any purpose. In this agreement "any purpose" means any purpose, including, but not limited to, use as substantive evidence in any criminal proceeding (including, but not limited to, in the Government's case-in-chief at trial), criminal investigation, civil proceeding and/or civil investigation.

2. Statements made and information provided during this interview may be used incidentally and derivatively by the government to test the truth of matters proffered and to follow leads. Any evidence uncovered through derivative or incidental use of the statements or information I provide may be used by the United States in any criminal proceeding (including, but not limited to, a sentencing hearing (notwithstanding the provisions of U.S.S.G. § 1B1.8(a))) including, but not limited to, any arising from or related to this interview, and any civil proceeding.

D. I understand that this is a voluntary interview, subject to the conditions set forth in this agreement. I understand that by entering this agreement, the United States has not offered or conferred any type of immunity. I understand that by participating in this voluntary interview, I do not secure any type of immunity, nor any particular disposition in this matter or case. I understand and agree that because no immunity of any kind is conferred by this agreement, the Supreme Court's holding in *United States v. Kastigar*, 406 U.S. 441 (1972), and cases interpreting *Kastigar,* is not applicable to this agreement. In other words, I understand that the United States, in any criminal proceeding (including, but not limited to, a sentencing hearing (notwithstanding the provisions of U.S.S.G. §

1B1.8(a))), will not be required to establish that evidence was obtained from sources independent of the information furnished during this interview.

E. I understand and agree that no promise has been made to me as to how any charges against me, if any, will be resolved.

F. I understand that this agreement and the interview conducted pursuant to this agreement do not constitute a plea bargaining discussion or session. I understand that by entering into this agreement with the Government and signing below, I am knowingly and voluntarily waiving any rights I may have under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure to argue for exclusion of this evidence at trial. Consequently, I am specifically waiving any argument to exclude from evidence statements I make during this interview on the basis that the statements were made during the course of plea discussions.

Quentin Horsley — Date 7/31/19

I certify that I have read the above agreement, reviewed its contents, and explained it to my client.

Vaughan C. Jones, Esq.
Counsel — Date 7/31/19

Seen and agreed, on behalf of the United States Attorney for the Western District of Virginia:

Sean M. Welsh
Assistant United States Attorney
Western District of Virginia — Date 7/31/19

Daniel M. Bailey, DEA
Witness — Date 7/31/19