CLERK'S OFFICE U.S. DISTRICT COURT
AT LYNCHBURG, VA
FILED

AUG 19 2026

LAURA A. AUSTIN, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

LYNCHBURG DIVISION

Quentin Lowell Horsley
Movant,

Civil No: 6:25-cv-81569

v.

Criminal No: 6:19-cr-13

United States of America
Respondent,

## MOVANTS MOTION FOR EXTENSION OF TIME, SERVICE OF RESPONDENTS MOTION AND PRODUCTION OF TRANSCRIPTS AND RECORDS NECESSARY TO RESPOND

Movant proceeding pro se and respectfully moves this court for
(1) an order requiring respondent to serve movant with a complete copy of respondents recently filed motion, including all memoranda, exhibits, declarations, attachments and other supporting materials.
(2) an order requiring production or furnishing of the transcript and other records necessary for movant to meaningfully respond to respondents motion;
(3) an extension of time to respond, with the response period beginning after movant receives the complete filing and the materials necessary to address it. In support movant states as follows:

I.

THE COURT HAS DIRECTED MOVANT TO RESPOND WITHIN 28 DAYS

Movant recently received a notice from this court advising him that he has 28 days to respond to the United States motion filed in connection with his September 2025 motion under 28 USC 2255. Movant is attempting in good faith to comply with the courts deadline.

II.

MOVANT HAS NOT RECEIVED UNITED STATES MOTION

Although movant understands that the United States filed a motion in July 2026 seeking dismissal and/or summary judgment, movant has not been served with a copy of that motion. movant has not received the governments response, memorandum in support, exhibits, declarations, attachments, or other materials filed in support of that motion.

As a result, movant does not know the specific grounds upon which the United States seeks dismissal or summary judgment and cannot meaningfully respond to arguments or factual assertions that he has not been given an opportunity to review.

Federal Rules of Civil Procedure 5(a)(1)(D), which may apply in this proceeding to the extent not inconsistent with the 2255 rule generally require service of a written motion on the other party. Rule 12 of the rules governing 2255 proceedings permit application of the Federal Rules of Civil Procedure to the extent they are not inconsistent with the 2255 rules.

III.

MOVANT DOES NOT POSSESS THE TRANSCRIPTS AND RECORD NECESSARY TO ADDRESS HIS 28 USC 2255 CLAIMS

Movant was tried and convicted in Criminal case No. 6:19-cr-13. His conviction was affirmed on direct appeal. Movants 2255 claims concern, among other things, the performance of trial counsel during trial, a drug-quantity stipulation signed by counsel, evidence concerning a confidential informant, investigation and records concerning gps tracking of movants vehicle, and the governments use of a recording of an alleged controlled transaction.
Movants former counsel on direct appeal did not provide movant with copies of the transcripts or the appellate record. Consequently, movant presently does not possess the trial transcripts, relevant hearing transcripts, the complete appellate record, or other materials necessary to determine precisly what occured at trial and on appeal and to respond to the factual and legal assertions that may be contained in the governments motion.

IV.

THE MISSING MATERIALS ARE DIRECTLY RELEVANT TO MOVANTS CLAIMS

Movants claims include allegations concerning statements made by counsel before the jury, the scope and effect of a drug-quantity stipulation, testimony and credibility issues involving a government informant, evidence and records concerning gps tracking of movants vehicle, and the admission and use of a video recording of an alleged controlled transaction. The transcripts and underlying records are therefore not merely materials movant desires for convience. They are materials necessary for movant to determine and present facts supporting his claims and to respond to the governments characterization of the record.

V.

RULE 5(c) OF THE RULES GOVERNING 2255 PROCEEDINGS
ADDRESS UNAVAILABLE TRANSCRIPTS AND BRIEFS

Rule 5(c) of the rules governing 2255 proceedings provide that when the governments answer refers to briefs or transcripts from prior proceedings that are not available in the court records, the court must order the government to furnish them within a reasonable time.

Movant respectfully, request that, to the extent the United States relies upon transcripts, briefs, exhibits, or other materials from the prior criminal or appellate proceedings, the court order the United States to furnish movant with the materials upon which it relies.

Movant further request access to the specific transcripts and records necessary to respond to the governments motion and litigate claims already presented in his 2255 motion.

VI.

IF THE GOVERNMENTS FILING SEEKS SUMMARY JUDGMENT,
MOVANT REQUIRES AN OPPORTUNITY TO OBTAIN THE EVIDENCE
NECESSARY TO OPPOSE IT

Movant understands from the courts notice that the governments filing seeks dismissal and/or summary judgment.

To the extent the United States seek summary judgment and relies upon evidence outside the pleadings, movant respectfully request an opportunity to obtain and review the evidence necessary to respond.

Federal Rules of Civil Procedure 56(d) provides relief where a party opposing summary judgment shows by affidavit or declaration that, for specified reasons it cannot present facts essential to justify its opposition. Movant cannot presently address evi-dence that has not been provided to him or obtain facts contained in transcripts and records that he has never received.

Movant therefore request that the court defer consideration of any summary judgment request until movant has received the govern ments complete filing and has a reasonable opportunity to obtain and review the relevant record.

VII.

MOVANT IS NOT ASKING THE COURT TO DELAY THE PROCEEDINGS WITHOUT GOOD CAUSE

Movant filed his 2255 motion in September 2025 and has attempted to pursue his claims without counsel.

The present difficulty is not caused by a refusal to respond. Movant cannot meaningfully respond because he has not received the governments motion and does not possess the transcripts and record necessary to address the governments factual assertions and arguments.

Movant respectfully submits that allowing him a reasonable period to receive the governments filing and the necessary record will promote a decision on the merits rather than requiring movant to respond blindly to arguments and evidence that he has never seen.

WHEREFORE, movant respectfully request that this court:

1. Order the United states to serve movant with a complete copy of its July 2026 motion, including its memorandum, exhibits, declarations, attachments and all other materials whgich it relies.
2. Order the United States, pursuant to Rule 5(c) of the rules governing 2255 proceedings to furnish movant with any transcripts or briefs from prior proceedings upon which its response or motion relies and that are not presently available to movant.
3. Direct that movant be provided access to or copies of the trial, sentencing, suppression, gps affidavit and warrants, and other relevant transcripts and records necessary to respond to the governments motion and litigate the claims raised in his 2255 motion.
4. To the extent the government seels summary judgment, defer consideration of that request and permit movant a reasonable opportunity to obtain evidence and materials necessary to oppose it pursuant to Federal Rules of Civil Procedure 56(d);
5. Extend movants deadline to respond until a reasonable period after movant receives the complete government filing and the materials necessary to respond, rather than calculating the response period from a filing that movant was never served with; and
6. Grant such other and further relief as the court deems just and proper.

Respectfully submitted,

Quentin Lowell Horsley
Reg# 22608-084
FCI Beaumont Medium
P.O. BOX 26040
Beaumont, Tx 77720

## DECLARATION OF MOVANT

I Quentin Horsley, declare under penalty of perjury pursuant to 28 U.S.C. 1746 that the factual statements in the foregoing motion are true and correct to the best of my knowledge and belief.

I have not received a copy of the United States July 2026 motion including its memorandum, exhibits, declaration, or attachments.

I have not been provided by my former appellate counsel with copies of the transcripts or appellate records necessary for me to meaningfully litigate my 2255 claims.

## Certificate of Service

I certify on August 13, 2026, I palced a true and correct copy of the forgoing motion for extension of time, service of respondents motion, and production of transcripts and records necessary to respond in the institutions legal mail system with first class postage pre paid, addressed to:

United States Attorneys office
Western District of Virginia

United States court house and federal building
255 West Main street, room 130
Charlottesville, Virginia 22502

I certify under penalty of perjury that the foregoing is ture and correct.

Respectfully submitted,

Quentin Lowell Horsley
Reg# 22608-084
FCI Beaumont Medium
P.O. BOX 26040
Beaumont, Tx 77720

August 13, 2026

______________________________